# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JONE JOHNSON** | : | **DOCKET NO. 05-0821** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **MICHAEL GORDON** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

Presently before the court is plaintiff's motion to remand. [doc. # 13].[1]

From February 2004, until at least August 2004, Jone Johnson was employed by Michael Gordon as a dental assistant. (Petition, ¶¶ 2, 4). On April 18, 2005, Johnson filed the above-captioned suit against Gordon in the 33rd Judicial District Court for the Parish of Allen, State of Louisiana. Johnson alleges that while in Gordon's employ, he subjected her to constant touching, fondling, lewd and lascivious remarks, and sexually suggestive behavior. (Petition, ¶ 4). Johnson further alleges that Gordon's actions were intentional, tortious acts that constitute assault, battery, and sexual harassment. (Petition, ¶¶ 6-7, 9).

On May 13, 2005, Gordon removed the case to federal court on the basis of federal question jurisdiction. 28 U.S.C. § 1331. On June 24, 2005, plaintiff re-filed[2] a motion to remand, alleging that federal subject matter jurisdiction is lacking because her lawsuit does not assert a cause of action under federal law. The matter is now before the court.

---

[1] The above-captioned matter has been referred to the undersigned for the conduct of all further proceedings and the entry of judgment. 28 U.S.C. § 636(c).

[2] Plaintiff's original motion to remand was filed on June 13, 2005. However, it was issued a deficiency by the Clerk of Court. Plaintiff corrected the deficiency, and then filed a duplicate motion to remand.

<u>Discussion</u>

Removing defendants have the burden of establishing removal jurisdiction. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). "A state-court action may be removed to federal court if it qualifies as a 'civil action ... of which the district courts of the United States have original jurisdiction,' unless Congress expressly provides otherwise." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998)(citing 28 U.S.C. § 1441(a)). In this case, the removing defendant invokes federal question jurisdiction, that is, he argues that the action is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet, supra;* (citations omitted).

In the case *sub judice*, plaintiff's petition does not specifically refer to either a federal or state statute. The factual allegations support claims under state tort and anti-discrimination law. It can also be argued that the factual allegations support a claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* Yet, in her motion to remand, plaintiff eschews any intent to pursue a claim under federal law and emphasizes that it is unlikely that defendant even employs enough workers to be subject to Title VII. Plaintiff further admits that she has not filed a charge with the Equal Employment Opportunity Commission ("EEOC"), which, of course, is an administrative prerequisite to filing suit under Title VII. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir.2002). At least one court has held that the complaint fails to state a claim under Title VII when it does not allege that plaintiff has received an EEOC right to sue letter. *Shabazz v. Texas Youth Com'n*, 300 F.Supp.2d 467, 471 (N.D. Tex. 2003). Given the time limitations to initiate a charge with the EEOC, it would appear that plaintiff is now barred from

2

proceeding under Title VII.  *See,  Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998).

We emphasize that even if plaintiff did enjoy a potential cause of action under Title VII she (as here) is permitted to avoid federal jurisdiction by relying exclusively on state law.  *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)(*citing, Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S.Ct. 2425 (1987)).  This election of remedies and selection of forum is perfectly permissible.[3]  Yet, if plaintiff at a later date makes "unequivocally clear and certain" through "service or otherwise, of a copy of an amended pleading, motion, or order or other paper," that she is stating a claim for relief under federal law in this suit, then defendant would be entitled to again remove the action.  *See, Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002).  However, for now, it is apparent that plaintiff does not state a claim under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.

Accordingly, this court lacks subject matter jurisdiction, and plaintiff's motion to remand [doc. # 13] is GRANTED.  28 U.S.C. § 1447(c).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 22nd day of July, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[3] It is axiomatic that "[a] plaintiff with a choice between federal- and state-law claims may elect to proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove, but taking the risk that [her] federal claims will one day be precluded."  *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362 (5th Cir. 1995)(citation omitted).